# Supreme Court of Florida

_____

No. SC15-96

_____

## IN RE: AMENDMENTS TO THE FLORIDA RULES OF TRAFFIC COURT.

[June 4, 2015]

PER CURIAM.

We have for consideration the regular-cycle report of proposed amendments to the Florida Rules of Traffic Court filed by The Florida Bar's Traffic Court Rules Committee (Committee). See Fla. R. Jud. Admin. 2.140(b)(4). We have jurisdiction[1] and adopt all but one of the Committee's proposed amendments.

## BACKGROUND

The Committee proposes amendments to Florida Rules of Traffic Court 6.190 (Procedure on Failure to Appear; Warrant; Notice); 6.380 (Nonverification of Pleadings); 6.460 (Evidence); and 6.630 (Civil Traffic Infraction Hearing Officer Program; Traffic Hearing Officers). The Executive Committee of the

_____
1. See art. V, § 2(a), Fla. Const.

Board of Governors of The Florida Bar approved the proposed amendments to rule 6.460. The Board of Governors unanimously approved the remainder of the proposals. Consistent with rule 2.140(b)(2), the Committee published the proposals for comment before filing them with the Court. The Committee did not receive any comments. The Court also published the proposals for comment. One comment was filed by Broward County Court Judge Robert W. Lee supporting the substantive amendments to rule 6.630. The Committee filed a response agreeing with the comment.

**AMENDMENTS**

After considering the proposed amendments, the comment filed, and the Committee's response to the comment, we adopt all the proposed amendments, except the proposal to amend the introductory paragraph of Florida Rule of Traffic Court 6.630 (Civil Traffic Infraction Hearing Officer Program; Traffic Hearing Officers). We decline to amend the introductory paragraph to rule 6.630 as proposed because the reference to article V, section 2 of the Florida Constitution does not appear to be a "scrivener's error," as suggested by the Committee.

All the proposed amendments we adopt are straightforward and noncontroversial. Therefore, we discuss only the more significant amendments below.

The amendments to subdivision (b) of rule 6.460, the title of which is changed from "Tape Recording of Hearing" to "Recording of Hearing," are intended to accommodate continuing changes in technology by allowing for the use of various types of equipment to record a traffic infraction hearing. A committee note also is added to explain the purpose of the amendments and to encourage parties to contact the clerk of court prior to the hearing to confirm that the recording equipment they intend to use will produce a recording in a format acceptable to the clerk. See amended Fla. R. Traf. Ct. 6.460(b) (requiring recording of traffic infraction hearing be in a format acceptable to the clerk).

The more significant amendments to rule 6.630(g) (Training) include (1) allowing any level of judge to serve as a traffic hearing officer training instructor and (2) moving training in "handling of situations in which a defendant's constitutional right against self-incrimination may be implicated" under the eleven hours of traffic court law and evidence training required. The amendment to subdivision (h) (Continuing Legal Education) of rule 6.630 requires that the four hours of continuing legal education that a traffic hearing officer must complete each year include two hours of civil traffic infraction related education.

## CONCLUSION

Accordingly, we amend the Florida Rules of Traffic Court as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are

indicated by struck-through type. The committee note is offered for explanation only and is not adopted as an official part of the rules. The amendments shall become effective January 1, 2016, at 12:01 a.m.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceedings – Traffic Court Rules Committee

Lee Francis Carney, Chair, Traffic Court Rules Committee, Bonita Springs, Florida; John F. Harkness, Jr., Executive Director and Josine Rene Blackwell, Bar Staff Liaison, The Florida Bar, Tallahassee, Florida,

for Petitioner

Honorable Robert Williams Lee, Broward County Court Judge, Seventeenth Judicial Circuit, Fort Lauderdale, Florida,

Responding with Comments

**RULE 6.190.** **PROCEDURE ON FAILURE TO APPEAR; WARRANT; NOTICE**

**(a) – (b)** **[No Change]**

**(c)** **Nonresident of State; Failure to Appear or Answer Summons.** If a defendant is not a resident of this state and fails to appear or answer a traffic complaint, the clerk of the court or the court shall ~~mail~~send notice to the defendant at the address stated in the complaint and to the department. The department shall send notice to the license issuing agency in the defendant's home state. If the defendant fails to appear or answer within 30 days after ~~the mailing of~~ notice is sent, the court shall place the case in an inactive file or file of cases disposed of, subject to being reopened if thereafter the defendant appears or answers or a warrant is issued and served.

**(d)** **[No Change]**

**RULE 6.380.** **NONVERIFICATION OF PLEADINGS**

Except when otherwise specifically provided by these rules or an applicable statute, every written pleading or other ~~paper~~document of a defendant represented by an attorney need not be verified or accompanied by an affidavit.

**RULE 6.460.** **EVIDENCE**

**(a)** **[No Change]**

**(b)** ~~Tape~~Recording of Hearing. Any party to a noncriminal traffic infraction may make a ~~tape~~recording of the hearing. The provision and operation of the recording equipment shall be the responsibility of ~~the defendant~~that party unless otherwise provided by the court, and shall be in a recording format acceptable to the clerk. ~~The original~~A recording of the proceeding that is made by a party shall be delivered immediately after the hearing to the clerk, who shall ~~seal~~secure and file it. A certified copy of ~~S~~such ~~tape~~recording shall be furnished by

the clerk and transcribed for an appeal if ordered by ~~the defendant~~a party at that party's expense. Transcription shall only be by an official court reporter at the ~~defendant's~~requesting party's expense.

## Committee Notes

**2015 Amendment.** In light of continuing technological advances, this rule was amended to accommodate continuing changes in technology and the ability to use various types of equipment when recording a traffic infraction hearing. Parties are encouraged to contact the clerk of court prior to their hearing to confirm that the recording equipment they intend to use will produce a recording in a format that is acceptable to the clerk.

**RULE 6.630.  CIVIL TRAFFIC INFRACTION HEARING OFFICER PROGRAM; TRAFFIC HEARING OFFICERS**

Under the authority of sections 318.30–318.38, Florida Statutes, and article V, section 2, Florida Constitution, this court adopts the following rules and procedure for the Civil Traffic Infraction Hearing Officer Program:

**(a) – (f)  [No Change]**

**(g)  Training.** Traffic hearing officers must complete 40 hours of standardized training that has been approved by the supreme court. Instructors must be ~~county court~~ judges, hearing officers, and persons with expertise or knowledge with regard to specific traffic violations or traffic court. Curriculum and materials must be submitted to the Office of the State Courts Administrator. The standardized training must contain, at a minimum, all of the following:

**(1)**  28 hours of lecture sessions including 2.5 hours of ethics, 5 hours of courtroom ~~procedure and control (which must include handling of situations in which a defendant's constitutional right against self-incrimination may be implicated),~~control management, 11 hours of basic traffic court law and evidence (which must include handling of situations in which a defendant's constitutional right against self-incrimination may be implicated), 3 hours of clerk's office/DMV training, 2 hours of participant perspective sessions/demonstrations, 3 hours of dispositions/penalties, and 1.5 hours of civil infractions/jurisdiction;

**(2) – (5)     [No Change]**

**(h)     Continuing Legal Education.** Traffic hearing officers must complete 4 hours of continuing legal education per year. The continuing legal education program must be approved by the supreme court and must contain a minimum of 2 hours of ethics or professionalism, and 2 hours of civil traffic infraction related education. Curriculum materials must be submitted to the Office of the State Courts Administrator.

**(i) – (n)     [No Change]**

**Committee Notes**

**[No Change]**